## Maxwell et al. v. Saylor, etc.

*E. Arnold Forrest*, for complainants.

*J. B. Hillegass* and *William J. Grove*, for respondent.

DANNEHOWER, J., May 26, 1947.—Plaintiffs, who are the widow and daughter, respectively, of Raymond Maxwell, deceased, have brought this bill in equity for the partition of a parcel of real estate which had been purchased by defendant and Raymond Maxwell

purportedly as tenants by entireties. The narrow issue for our present consideration is this: When a man and a woman, who, though living together as husband and wife, are unmarried, and acquire title to real estate, is the estate thus acquired one of joint tenancy (with the right of suvivorship) or one of tenancy in common?

The facts as appearing from the pleadings and evidence produced at the hearing, may be briefly summarized as follows:

Raymond Maxwell, hereinafter referred to as decedent, and plaintiff, Jessie A. M. Maxwell, were married on June 3, 1914, and this marriage subsisted until the death of the husband on November 13, 1945. A child, Bernice H. Maxwell, the other plaintiff, was born of this marriage on March 2, 1917. On February 13, 1941, while decedent was living with defendant, they acquired title to a certain lot and dwelling located on Green Street in the Borough of Norristown, this county. In the deed, which is recorded in Montgomery County, in Deed Book No. 1477, page 89, grantees are designated as husband and wife, and the conveyance purports to be to them "as tenants by the entireties".

Plaintiffs contend that because grantees were unmarried, they were incapable of receiving an estate "by the entireties", and that consequently, grantees were merely tenants in common, with the result that upon the death of decedent, his one-half undivided interest in the real estate descended to them under the intestate laws.

On the other hand, defendant contends that the deed reveals an intention to receive an estate with the right of survivorship, and that grantees, not being qualified as tenants by entireties, took as joint tenants, an incident of which is the right of survivorship. In other words, she contends that upon the death of

decedent, she became the sole owner of the property in question, that therefore plaintiffs have no interest in the property, and that the bill should be dismissed.

Unfortunately for defendant, we cannot agree with her contention. There is probably no principle more firmly established in the law of Pennsylvania, that a tenancy by entireties can exist only between a husband and wife: Thornton et al. v. Pierce, 328 Pa. 11 (1937). Likewise, it has long been held that since the passage of the Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, a joint tenancy in real estate cannot be created unless the instrument purporting to do so clearly expresses that intention.

While there appears to be no case in the appellate courts of Pennsylvania directly deciding the point, cases in other jurisdictions have almost unanimously held that a conveyance to persons mistakenly believed to be husband and wife creates an estate in the parties as tenants in common. See cases collected in 92 A. L. R. 1420.

The case of County Capital B. & L. Assn. v. Cummings, 55 York 20 (1941), while similar in some respects to the present case, is no authority for holding that a joint tenancy has been created here. In that case, the court followed Thornton v. Pierce, supra, which held that the nonmarriage of grantees did not prevent them from "receiving and holding title under such form of tenancy as was appropriate under the circumstances". In the Cummings case it clearly appears that the court reached its conclusion of joint tenancy, primarily for the protection of the mortgagee, an innocent purchaser for value.

Therefore, in the absence of an expressed intention to create a joint tenancy with the right of survivorship, we are constrained to hold that defendant and decedent acquired title to the real estate in question in the capacity of tenants in common, and that upon de-

cedent's death intestate, his heirs at law became seized of his undivided one-half interest therein. Under these circumstances, plaintiffs are tenants in common with defendant and are entitled to partition by virtue of the terms of the Act of July 7, 1885, P. L. 257, and a suitable decree to that effect will be entered.

Certain testimony was adduced at the hearing, subject to plaintiffs' objection, pertaining to the circumstances of the purchase, the source of the purchase money, and like matters. Because the case will have to be presented to a master (appointed in our decree) a ruling upon the admissibility of that evidence need not be made at this time. Questions as to admissibility and relevancy of evidence may be passed upon by the master, and his rulings may be made the subject of exceptions to his report, if deemed advisable.

And now, May 26, 1947, upon consideration of the foregoing case, and for the reasons above set forth, it is ordered, adjudged and decreed as follows:

1. Partition shall be made of the real estate described in the bill among plaintiffs and defendant. The cause is referred to Thomas E. Waters, Esq., as master in partition, to value the said real estate and divide and make partition thereof into shares and purparts according to the shares and interests of the respective parties, if the same can be divided without prejudice to the respective parties, or without prejudice to or spoiling the whole of said estate, and to ascertain the sum or sums, if any, which shall be charged or paid thereon for owelty or for any other reason, or which shall be paid or secured to the parties to whom no purpart may be allotted, in the manner now authorized by law under writs of partition.

2. If the master shall find that such partition and division can be made either of the whole of said real estate or of any part thereof, then upon such valuation and partition to award and allot the said purparts

308

to and among the parties severally and respectively entitled thereto, together with the sums so charged thereon and payable as and for owelty of partition, or for any other reason.

3. If the master shall find that the premises cannot be conveniently divided and parted into as many purparts as there are parties entitled, then to award and allot the amount or sum to be paid or secured to them respectively, and to determine the times when such payments shall be made and the purparts out of which the same shall be payable. And if the master shall find that the said real estate cannot be divided without prejudice to or spoiling the whole, then to value the same; and if the parties shall refuse to take the same at the valuation, then to apply to the court for leave to make sale thereof, giving the like notice as is required in sales under proceedings in partition at common law.

NOTE.—Exceptions to the foregoing decree have been filed but not yet argued. Because of the novelty of the point involved the opinion is being published at this time.